THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARION PRICE; RODRIGUE PAUL; HARRY DAVIS; DAVID L. WILLIAMS; and ALLEN R. NUNNERY, on behalf of themselves and the class they represent,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE, a municipal corporation and political subdivision of the State of Washington; LINCOLN TOWING ENTERPRISES, INC., a Washington corporation; SILVERADO ENTERPRISES, INC., a Washington corporation, d/b/a COLUMBIA TOWING; and GT TOWING SERVICE, INC., a Washington corporation,<br><br>Defendants. | No. CV03-1365P<br><br>PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE CITY OF SEATTLE ON COLLATERAL ESTOPPEL GROUNDS<br><br>**NOTE FOR MOTION CALENDAR:**<br>**Friday, July 16, 2004** |

I.   **RELIEF REQUESTED**

Plaintiffs request an order from this Court precluding the defendant City of Seattle from relitigating the question of whether the City had a mandatory impound policy for DWLS violations during the damages class period.  The City should be bound by the final

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST THE CITY OF SEATTLE ON
COLLATERAL ESTOPPEL GROUNDS- 1
(CV03-1365)
P:\144798000\P\xMotPartSJ 062404.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(206) 622-8000

determination of the King County Superior Court and its own representations to the Seattle Municipal Court that the City did have a mandatory impound policy.

## II. STATEMENT OF FACTS

On December 1, 2003, the King County Superior Court issued its decision in City of Seattle v. Thomas, No. 03-2-19062-4SEA, an RALJ appeal from the Seattle Municipal Court arising out of the impound of Ms. Thomas's car following a DWLS stop on December 15, 2002. See Exh. 1.[1]  The court's finding and conclusions were set forth in a letter opinion dated November 12, 2003 which was made an Appendix to the Decision on RALJ Appeal. Id. The court made the following findings in that case:

> The Seattle Police Department's policies and procedures require that a vehicle be impounded when the driver of the vehicle is cited or arrested for Driving While Suspended.  There is no room for the exercise of any discretion by the officer under this policy.

Id. These findings were essential to the court's conclusion that the impound violated state law as set forth in State v. Houser, 95 Wn.2d 143 (1980), and other cases.  The City did not seek review or reconsideration of the Superior Court's ruling.

There is no evidence that the City's policy was different on December 15, 2002, the date of the Thomas impoundment, than at any other time during the damages class period.  To the contrary, the Superior Court's finding was in accord with the City's consistent representations to the Seattle Municipal Court from 1999 through 2002.  For example, on July 8, 1999, Assistant City Attorney Richard Greene made the following statement to the Municipal Court while representing the City during a consolidated DWLS impound appeal:

---

[1] All exhibits are appended to the accompanying Declaration of Adam J. Berger.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST THE CITY OF SEATTLE ON
COLLATERAL ESTOPPEL GROUNDS- 2
(CV03-1365)
P:\144798000\P\xMotPartSJ 062404.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
(206) 622-8000

> Well, the ordinance says that whenever a driver of a vehicle is arrested for violation of [Seattle Municipal Code] 11.56.320, the vehicle is subject to impoundment. I think that's – I think **what that says is that the department has a policy to impound the car in every instance**. I think what the Defense Exhibit shows is that some officer's were sort of aiming for the one hundred percent impound, but we haven't quite got there yet. Certainly at the beginning of the year, a lot of the officer's [sic] weren't trained in it, so they weren't doing that, but I think by this time, it's sort of gone department wide…. **All I can say is that we try to get officer's [sic] to do it all the time**, but officer's [sic] are sometimes – have other problems that they can't do it….
>
> Well, see, I'm not certain that situation can arise in Seattle, but I think there may be instances where, depending on the circumstances and the location, it probably wouldn't be wise to impound a car, and you don't want to leave the people in an unsafe situation. But, **generally speaking, I think it's absolutely right in the department's policy to impound a car all the time**. I think the difference between this statute, and for instance, the statutes of this ordinance, and the statutes under which the courts have said the officers had discretion, is that those statutes always said the officer *may* impound the car. I think the difference in language here, this language saying that the care is *subject* to impoundment, is akin to the drug forfeiture statutes, which have never been held to best [sic] discretion in the police department's ability to seize property….

Exh. 2 at 16-17 (emphasis added and in original). Mr. Greene described the same policy more concisely in a brief filed on behalf of the City on September 19, 2002 in another Municipal Court impound appeal:

> In addition, contrary to the situation in *Reynoso*, **SMC 11.30.105 and the Seattle Policy Department policies and procedures implementing that ordinance require that every car driven by a suspended driver be impounded. Impoundment, therefore, is not discretionary with the arresting officer.**

Exh. 3 (emphasis added). The same policy was described in a certified statement by Lieutenant Jeff Getchman, the SPD officer "responsible for the Seattle Police Department Operation Impound program that implements Seattle's DWLS vehicle impound ordinance," dated July 21, 1999, that was filed by the City with the Seattle Municipal Court in connection with various impound appeals:

> **During this training, officers were instructed that impoundment of a vehicle driven by a person with a suspended driver's license is required in all cases and is not optional with the officer.**

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST THE CITY OF SEATTLE ON
COLLATERAL ESTOPPEL GROUNDS- 3
(CV03-1365)
P:\144798000\P\xMotPartSJ 062404.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(206) 622-8000

Exh. 4 (emphasis added). Again, there is no evidence that the City altered or varied this policy any time prior to or during the damages class period.

## III. EVIDENCE RELIED UPON

Plaintiffs rely on the accompanying Declaration of Adam J. Berger and the exhibits appended thereto.

## IV. DISCUSSION

### A. Standard Of Review.

Summary judgment is appropriate when there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. In order to avoid summary judgment, the non-moving party must come forward with more than a mere scintilla of evidence to demonstrate a factual dispute sufficient to require submission to a jury. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 91 L.Ed.2d 202, 106 S. Ct. 2505 (1986); Nelson v. Pima Community College, 83 F.3d 1075 (9th Cir. 1996). A partial summary judgment motion is an appropriate vehicle to invoke collateral estoppel and eliminate particular issues from trial of the case. See 10B Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 2735 at 287 (1998); Robi v. Five Platters, Inc., 918 F.2d 1439, 1441 (9th Cir. 1990) (summary judgment based on preclusive effect of California Superior Court judgment); Chism v. Price, 457 F.2d 1037, 1040 (9th Cir. 1972) (federal district court in § 1983 action was foreclosed from reexamining facts conclusively decided against a party in prior state court proceedings). "Indeed, a Rule 56 motion often is the most appropriate vehicle for determining the validity of a defense of former adjudication." 10B Wright, Miller & Kane, *supra*, § 2735 at 287.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST THE CITY OF SEATTLE ON
COLLATERAL ESTOPPEL GROUNDS- 4
(CV03-1365)
P:\144798000\P\xMotPartSJ 062404.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
(206) 622-8000

**B.      The City Should Be Estopped From Relitigating The Issue Of Whether It Had A Mandatory DWLS Impoundment Policy.**

Plaintiffs' collateral estoppel argument is based on the findings of the King County Superior Court in City of Seattle v. Thomas.  "In determining the extent to which state judgments are entitled to preclusive effect in the federal arena, the Court must look to the relevant state law standards of res judicata and collateral estoppel."  Northwest Sea Farms v. United States Army Corps of Engineers, 931 F. Supp. 1515, 1522 (W.D. Wash. 1996) (citing Fernhoff v. Tahoe Regional Planning Agency, 803 F.2d 979, 986 n.8 (9th Cir. 1986)).

"[T]he doctrine of collateral estoppel, or *issue* preclusion, prevents relitigation of an issue after the party against whom the doctrine is applied has had a full and fair opportunity to litigate his or her case."  Nielson v. Spanaway Gen. Med. Clinic, 135 Wn.2d 255, 262, 956 P.2d 312 (1998) (emphasis in original).  Under Washington law, four elements are required for application of the doctrine:

> (1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice.

Id. at 263.  "Offensive" collateral estoppel may be raised by a plaintiff to bar relitigation of an issue that the defendant lost in a prior lawsuit against another plaintiff.  Hadley v. Maxwell, 144 Wn.2d 306, 311, 27 P.3d 600 (2001).

All four criteria are met in this case.  First, the issue presented in this case and on this motion – whether the City had a mandatory DWLS impound policy that precluded SPD officers from exercising reasonable discretion – is the identical issue decided in Thomas.  See Exh. 1 ("The Seattle Police Department's policies and procedures require that a vehicle be impounded

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST THE CITY OF SEATTLE ON
COLLATERAL ESTOPPEL GROUNDS- 5
(CV03-1365)
P:\144798000\P\xMotPartSJ 062404.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(206) 622-8000

when the driver of the vehicle is cited or arrested for Driving While Suspended. There is no room for the exercise of any discretion by the officer under this policy.")

Second, the Thomas adjudication ended in a final judgment on the merits. Id. The Thomas decision was not appealed, and, under Washington law, the judgments of the superior courts are entitled to full res judicata and collateral estoppel effects. Nielson, 135 Wn.2d at 264.

Third, the City was a party to the Thomas case.

Fourth, application of collateral estoppel would work no injustice in this case. The City was afforded a full and fair opportunity to litigate the question of the City's impound policy in the Thomas case, first in a *de novo* hearing before the municipal court and then in the RALJ appeal before the Superior Court. The City acknowledged that Ms. Thomas argued at the *de novo* hearing that the City had a mandatory impound policy that was contrary to the Supreme Court's ruling in All Around Underground v. State, 144 Wn.2d 145, 60 P.3d 53 (2002), and was on full notice that this was a central issue in that case. See Exh. 5 at 2. The City was represented by counsel at the *de novo* hearing and during the RALJ appeal. Id. No evidentiary or procedural barriers impaired the City's ability to fully and fairly present its case in Thomas, and there was no unfairness inherent in the nature of the fora or proceedings.

The City may argue that collateral estoppel is unfair because the Superior Court erred in its findings or in reaching the issue at all. However, the possibility that a ruling may be in error does not change its preclusive effect. Thompson v. Department of Licensing, 138 Wn.2d 783, 799-800, 982 P.2d 601 (1999); cf. Marriage of Brown, 98 Wn.2d 46, 49-50, 653 P.2d 602 (1982) (parties generally estopped from collaterally attacking prior judgment even if prior court lacked subject matter jurisdiction). "[W]here, as here, a party to the prior litigation had a full

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST THE CITY OF SEATTLE ON
COLLATERAL ESTOPPEL GROUNDS- 6
(CV03-1365)
P:\144798000\P\xMotPartSJ 062404.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(206) 622-8000

and fair hearing of the issues, and did not attempt to overturn an adverse outcome, collateral estoppel may apply, notwithstanding an erroneous result." Thompson, 138 Wn.2d at 799-800.

The City also may argue that application of collateral estoppel is unfair because the stakes in the Thomas appeal were not sufficient to give the City incentive to litigate the issue fully. See Hadley, 144 Wn.2d at 315 (determination in traffic infraction hearing should not be given preclusive effect in subsequent personal injury action). In Hadley, the Supreme Court explained that collateral estoppel "is not generally appropriate when there is nothing more at stake than a nominal fine." Id. However, this rule is inapplicable to the present case for several reasons. Unlike the type of traffic infraction proceedings analyzed in Hadley, in which alleged violators often appear without counsel or witnesses and no briefing is provided to the court, the City had full opportunity to bring the expertise of counsel and the tools of litigation to bear in Thomas. In fact, the City was represented by counsel at both the *de novo* hearing and RALJ appeal, called or cross-examined witnesses, and provided written briefing to the Superior Court. Theoretical arguments regarding motivation notwithstanding, the City in fact displayed no lack of incentive to litigate in the Thomas proceedings. See Reninger v. Dep't of Corrections, 134 Wn.2d 437, 451-54, 951 P.2d 782 (1998) (judgment of administrative tribunal entitled to preclusive effect where estopped parties were given and took full advantage of opportunity to litigate the issues in that forum).

In addition, although the monetary stakes in Thomas clearly were less than in the current case, they were not "nominal." Following the Superior Court's decision the City agreed, consistent with the result in prior cases, that Ms. Thomas should be reimbursed for her auctioned vehicle, and the municipal court awarded damages of $3,300. Exh. 6. More to the

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST THE CITY OF SEATTLE ON
COLLATERAL ESTOPPEL GROUNDS- 7
(CV03-1365)
P:\144798000\P\xMotPartSJ 062404.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
(206) 622-8000

point, the present class action had been filed and served on the City prior to briefing and decision in the Thomas appeal, and the Thomas appeal itself was filed and litigated after the Supreme Court's decision in All Around Underground v. State, 144 Wn.2d 145, 60 P.3d 53 (2002). Therefore, the City knew at the time of the Superior Court judgment that other vehicle owners had or would be challenging the impound of their vehicles and seeking damages on the same basis as Ms. Thomas and that the Superior Court decision could have precedential, if not preclusive, effect on the later proceedings. Regardless of the stakes at issue in Thomas alone, the pendency and foreseeability of other actions on the same basis provided "sufficient motivation for a full and vigorous litigation of the issue" and defeat any argument that application of collateral estoppel is unfair. Hadley, 144 Wn.2d at 315.

Finally, application of collateral estoppel cannot be deemed unfair where the City consistently represented to the municipal court for over three years that it had in place a mandatory policy that did not allow officers to exercise discretion in DWLS impounds. See Exhs. 2-4. "Collateral estoppel is, in the end, an equitable doctrine." Hadley, 144 Wn.2d at 315. There is nothing unfair in holding the City to a judgment that is perfectly consistent with its previous representations to the courts. By contrast, allowing the City to reverse course now and argue against both the Superior Court findings and its prior assertions would result in manifest injustice, as well as the waste of time and resources that collateral estoppel is intended to avoid.

//////

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST THE CITY OF SEATTLE ON
COLLATERAL ESTOPPEL GROUNDS- 8
(CV03-1365)
P:\144798000\P\xMotPartSJ 062404.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(206) 622-8000

## V. CONCLUSION

For the reasons stated above, the Court should grant plaintiffs' motion for partial summary judgment and bar the City of Seattle from contesting that it had a mandatory DWLS impound policy during the damages class period.

DATED: **June 24, 2004.**

                                           s/_____
                                           ADAM J. BERGER, WSBA # 20714
                                           Attorney for Plaintiff(s)
                                           SCHROETER GOLDMARK & BENDER
                                           810 Third Avenue, Suite 500
                                           Seattle, WA  98104
                                           Phone:  (206) 622-8000
                                           Fax:  (206) 682-2305
                                           berger@SGB-law.com

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE CITY OF SEATTLE ON COLLATERAL ESTOPPEL GROUNDS- 9
(CV03-1365)
P:\144798000\P\xMotPartSJ 062404.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(206) 622-8000