UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARION PRICE, et al.,

    Plaintiffs,

  v.

THE CITY OF SEATTLE, et al.,

    Defendants.

No. C03-1365P

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

    This matter comes before the Court on Defendant the City of Seattle's ("the City") Motion for Reconsideration of this Court's order denying the City's motion for summary judgment on federal claims ("Order"). (Dkt. No. 118). Having considered the issue, the Court DENIES the City's motion.

    Motions for reconsideration in this district are disfavored. Western District of Washington Local Rules CR 7(h). Reconsideration is warranted if the moving party shows either manifest error in the Court's ruling or new facts or legal authority that could not have been brought to the Court's attention earlier. The City contends that this Court's Order demonstrated manifest error in its ruling on Plaintiffs' Fourth Amendment claim and on their Fourteenth Amendment claim. Neither argument is persuasive.

I.  Fourth Amendment Claim

    The City argues that the Court erred in analyzing the Seattle Police Department's impound policy under the community caretaking justification in South Dakota v. Opperman, 428 U.S. 364, 368-69 (1976), because, according to the City, impounds are reasonable under the Fourth Amendment if

ORDER - 1

1   they are authorized by state statute or other regulated procedure regardless of whether they are

2   justified under the community caretaking or criminal investigation rationales. The City cites <u>U.S. v.</u>

3   <u>Penn</u>, 233 F.3d 1111 (9th Cir. 2000), and <u>U.S. v. Rios</u>, 88 F.3d 867, 870-72 (10th Cir. 1996), as

4   support, and further maintains that the Court's reliance on <u>U.S. v. Ibarra</u>, 955 F.2d 1405 (10th Cir.

5   1992), is misplaced. The City's argument is, in part, well-taken. However, it does not follow that this

6   Court's order was manifestly erroneous.

7       First, while it is true that the impound in <u>Penn</u> was done pursuant to a state law mandating

8   automatic impoundment for driving uninsured, contrary to the City's contention, <u>Penn</u> did not

9   "uphold" the validity of the impound in that case; the impound was not challenged and the court did

10  not address the validity of the impound. (<u>Penn</u> addressed the legality of the inventory search that

11  followed the impound.) 233 F.3d at 1112-13. Because <u>Penn</u>'s holding cannot be construed as ruling

12  on the legality of the impound, the City has not shown that the Court's analysis of <u>Penn</u> was manifestly

13  erroneous.

14      Second, the City claims that <u>Rios</u> upheld the constitutionality of an impound of an improperly

15  registered vehicle under the Fourth Amendment on the grounds that state law allowed for

16  impoundment of improperly registered vehicles. In <u>Rios</u>, the defendant challenged the impound under

17  the Fourth Amendment. The court began its analysis by determining whether the impound was lawful

18  under Utah state law. 88 F.3d at 870 (citing <u>Ibarra</u>). Utah state law gave police departments

19  authority to impound vehicles that were improperly registered. The law did not require impoundment

20  in every circumstance; it granted the officers discretion to impound the vehicle. <u>Id.</u> at 871. The

21  arresting officer testified that department policy did not require impounding the vehicle in all

22  circumstances, but that he did so 99% of the time. <u>Id.</u> at 870. The court concluded that the officer

23  was authorized to impound the car because it was not properly registered. Because the impound was

24  lawful under state law, it was deemed reasonable under the Fourth Amendment. <u>Id.</u> at 872. The City

25  is correct that <u>Rios</u> did uphold the impound under the Fourth Amendment on the grounds that it was

ORDER - 2

1  lawful under state law. Id. at 871-72.  Thus, lawfulness of an impound under state law is another way
2  to satisfy the Fourth Amendment in addition to the criminal investigation or community caretaking
3  justifications.  The City's argument on this point is well-taken.

4  Nonetheless, the case at bar presents a different issue than in Rios.  While it is true that
5  Washington law authorizes impoundment for violating the law prohibiting driving while a license is
6  suspended or revoked ("DWLS"), Plaintiffs are not challenging the legality of impounding a vehicle
7  for a DWLS violation per se.  Rather, they challenge the legality of what Plaintiffs maintain was a
8  Seattle Police Department policy requiring mandatory impound for DWLS violations regardless of the
9  circumstances.  All Around Underground, Inc. v. State of Washington, 148 Wa.2d 145, 60 P.3d 53
10 (2002), implies that such a policy is unlawful because it exceeds the authority granted to the
11 municipality in the enabling statute.  Because such a policy lacks support under state law, there is no
12 basis to conclude that the policy at issue is lawful under state law and therefore reasonable under the
13 Fourth Amendment as in Rios.  For this same reason, the Court finds that the City has not shown that
14 the Court's analysis of and reliance on Ibarra was manifestly erroneous.

15 The City also argues that the Court erred in holding that state law violations go the
16 reasonableness of an impound under the Fourth Amendment.  The City undermines its own argument
17 by its previous argument that reasonableness can be satisfied if the impound is authorized by state
18 statute or other regulated procedure.  Having just argued that an impound is justified if lawful under
19 state law even if not done for community caretaking or criminal investigation purposes, the City
20 cannot then argue that lawfulness of an impound under state law is irrelevant to reasonableness under
21 the Fourth Amendment.  Even if the City were correct that unlawfulness under state law cannot in and
22 of itself show unreasonableness under the Fourth Amendment, the Court's ruling on the Fourth
23 Amendment issue did not rest solely on that basis.

24 II. Fourteenth Amendment Claim

25

ORDER - 3

1  The City argues that the Court erred in expanding the due process requirement to require
2  immediate constitutional challenges to the impound process because such requirements "have been
3  specifically rejected by the United States Supreme Court and the Ninth Circuit." (Def's Mot. at 6).
4  The City cites Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1323-24 (9th Cir. 1982), U.S. v.
5  One 1971 BMW, 652 F.2d 817 (9th Cir. 1981), and Stypmann v. City and County of San Francisco,
6  557 F.2d 1338, 1344 (9th Cir. 1977), as support. (Bell v. Burson, 402 U.S. 535 (1971), also cited by
7  the City, is not on point.) The City maintains that these cases held that a probable cause hearing for
8  impoundments within 48 hours is sufficient due process. None of these cases, however, addressed the
9  precise legal issue present here, namely the argument that the car owner should be afforded an
10 opportunity to challenge the validity of the impound policy itself within a reasonable time. This is
11 distinct from challenging the factual validity of the impound, for which the City did provide a hearing
12 within 48 hours of a written request. Therefore, the City has not shown that the Court demonstrated
13 manifest legal error.

14 The City also argues that the Court inappropriately found a factual dispute as to the timeliness
15 of subsequent hearings. The City was the moving party in the summary judgment proceeding. As
16 such, it bore the burden of presenting evidence to support its position. The City failed to meet this
17 burden on this particular issue. Further, the Court was obligated to draw every reasonable inference
18 from the evidence presented in favor of Plaintiffs (the non-moving party). Given the state of the
19 evidence before the Court on summary judgment, the Court would have committed manifest error
20 were it to have held that there were no disputed facts as to the timeliness of subsequent hearings.

21 The clerk is directed to provide copies of this order to all counsel of record.

22 Dated: May 19, 2005

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 4