UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARION PRICE, et al.,

    Plaintiffs,

v.

THE CITY OF SEATTLE, et al.,

    Defendants.

No. C03-1365P

ORDER MODIFYING CLASS DEFINITION AND GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FOURTEENTH AMENDMENT CLAIMS

    This matter comes before the Court on the parties' request for clarification and/or modification of the class definition, (Dkt. Nos. 165 & 167), and Defendant the City of Seattle's ("the City") Motion to Dismiss Plaintiffs' Fourteenth Amendment Claims, (Dkt. Nos. 170). Having reviewed all the pleadings and supporting documents and having heard oral argument on the matter, the Court hereby rules as follows.

    The class is redefined to include "all registered owners of motor vehicles impounded by the City from March 20, 2000 through December 27, 2002 where the 'reason for hold/investigation' on the Vehicle Report form indicates that the sole reason for the impound was driving while a license is suspended or revoked, or if no reason is specified, where the sole impoundable charge listed on the

ORDER - 1

Vehicle Report form is driving while a license is suspended or revoked." This excludes registered owners of motor vehicles impounded by the City where the Vehicle Report form indicates that the "reason for hold/investigation" is driving while a license is suspended or revoked ("DWLS") and other impoundable offenses, or if the "reason for hold/investigation" is left blank where the Vehicle Report lists DWLS and other impoundable offenses.

The Court GRANTS the City's Motion to Dismiss Plaintiffs' Fourteenth Amendment Claims. Having reconsidered the issue in great detail and having had the benefit of counsel's oral argument, the Court concludes that its previous analysis of this issue was flawed. Due process under the Fourteenth Amendment requires an initial post-impound hearing in which the vehicle owner may challenge the probable cause to support the underlying DWLS violation, but need not include a review of whether there were reasonable alternatives to impound to comport with due process. It is undisputed that the City's initial hearing provided an opportunity to challenge the probable cause.

## ANALYSIS

The Court has outlined the relevant factual background in this case in its previous orders and need not restate them here.

Summary judgment is not warranted if a material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial.

ORDER - 2

1   Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  To discharge this burden, the nonmoving

2   party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue

3   for trial.  Id. at 324.  "The mere existence of a scintilla of evidence in support of the [non-moving

4   party's] position will be insufficient; there must be evidence on which the jury could reasonably find

5   for the [non-moving party]."  Anderson, 477 U.S. at 252.

6   I.  Modification of Class Definition

7        In its June 27, 2005 order, the Court redefined the class to include only owners of cars

8   impounded solely for DWLS and exclude owners of cars impounded for DWLS and other

9   impoundable offenses.  The parties now seek clarification regarding who exactly this includes and

10  excludes and which of the various forms that officers filled out when issuing a citation and impounding

11  a car should be used to determine inclusion in the class.

12       When an officer arrests a person, the officer issues a Criminal Citation and completes an

13  Incident Report.  (Kuehn Decl., ¶ 5, Ex. A).  The Incident Report lists the citations being issued or

14  charges filed and provides all information supporting probable cause for the arrest.  (Id., ¶ 5).  As the

15  City points out, SPD's policy on issuing criminal citations is to issue only for the most serious

16  violations to avoid the appearance of "stacking."  (Id., Ex. A).  Thus, according to the City, there may

17  have been other violations for which the officer could have issued citations but did not, but those

18  possible violations are nonetheless documented in the Incident Report.  If the officer impounds the car,

19  the officer completes a Vehicle Report.  (Id., ¶ 7, Ex. C).  The Vehicle Report asks the officer to list

20  the reason for the impound (specifically there is a box titled "reason for hold/investigation" that the

21  officer is to fill in with the reason for the impound).  (Id., ¶ 7; Berger Decl. in response to the City's

22  motion to dismiss class liability claims, Exs. 3-9 (Dkt. Nos. 132 & 134)).  In the seven examples of

23  Vehicle Reports, five of them list DWLS, one lists DWLS and DUI, and one fails to list any reason in

24  the "reason for hold/investigation" box.

25

ORDER - 3

The City argues that the class should exclude owners of cars whose Incident Report and/or Criminal Citation show that the car could have been impounded for other reasons besides DWLS even if the Vehicle Report listed only DWLS as the reason.  Plaintiffs argue that the class should include all owners of cars where the Vehicle Report lists only DWLS and exclude owners of cars where the Vehicle Report lists DWLS and other possible offenses as the reason for impound.  Both the City and Plaintiffs present arguments in support of their respective positions that the Court has considered previously.  For the reasons discussed in the Court's June 27, 2005 summary judgment order and the May 4, 2004 class certification order, the Court concludes that the Vehicle Report is the proper document to look to in determining the reason for impound.  Therefore, inclusion in the class will be determined based on the Vehicle Report, not the Incident Report or the Criminal Citation.

II.  Fourteenth Amendment Claims

The Court previously denied the City's motion for summary judgment on Plaintiffs' due process claim in its March 1, 2005 order, and denied the City's motion for reconsideration on this issue in a May 19, 2005 order.  While the City provided car owners a hearing within 48 hours of a written request, this hearing did not allow owners to challenge the validity of the impound on the ground that there were reasonable alternatives to impoundment.  This, according to Plaintiffs, denied owners a meaningful opportunity to challenge the seizure of their cars.  The City had argued that providing a probable cause hearing on the impound within 48 hours was sufficient due process.  The Court rejected the City's argument because none of the cases cited by the City addressed the issue of the appropriate time-frame for allowing a challenge to the validity of the impound beyond a probable cause challenge to the underlying offense.  Further, there were disputed facts regarding how long a car owner had to wait to have his challenge to the validity of the impound adjudicated and there was no evidence regarding the volume of hearings held within the 48-hour period (which was relevant to determining the City's interest).

ORDER - 4

1    The parties have now stipulated to certain facts relevant to this claim such that there are no
2    disputed facts remaining and summary judgment as a matter of law is appropriate.  (Stipulated Facts
3    re Fourteenth Amendment Due Process Hearing (Dkt. No. 172)).  While the City now advances some
4    new legal arguments, the argument that the Court finds persuasive is not new, but was not argued in
5    quite the same way before.  The City's arguments are well-taken and warrant granting summary
6    judgment in favor of the City on Plaintiffs' due process claims.  After careful consideration of the case
7    law in light of the City's newly articulated legal arguments, particularly as expressed at oral argument,
8    the Court finds that its previous analysis of this issue was flawed.

9    Due process requires the opportunity to challenge the deprivation of a property interest "in a
10   meaningful manner."  Mathews v. Eldridge, 424 U.S. 319, 333 (1972).  While property interests
11   giving rise to the due process protections of the Fourteenth Amendment are created by independent
12   sources, such as state law, Board of Regents of State College v. Roth, 408 U.S. 564, 576 (1972), the
13   process that is due when the state deprives a person of that property interest is determined by federal
14   law.  Voigt v. Savell, 70 F.3d 1552, 1563 (9th Cir. 1995) (citing Cleveland Bd. of Educ. v.
15   Loudermill, 470 U.S. 532, 541 (1985)).

16   Courts reviewing the due process requirements of vehicle impounds have held that providing a
17   hearing which tests the validity of the impound satisfies this requirement.  In all of these cases, the
18   validity of the impound amounts to an examination of whether there was probable cause to support the
19   underlying violation which gave rise to the impound.  The Ninth Circuit held in Stypmann v. City and
20   County of San Francisco, 557 F.2d 1338, 1344 (9th Cir. 1977), that due process requires the city "at
21   least make a showing of probable cause" and thereby allow the car owner an opportunity to test the
22   factual basis of the impound.  This language implies that "at least" is all that is constitutionally
23   required; it sets the floor for a constitutionally sufficient hearing.  As such, it is illogical to conclude
24   that more is required.  See Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1323-24 (9th Cir.
25   1982) (holding that a post-impound hearing to test the validity of the impound held within 48 hours

ORDER - 5

1  was sufficient).  In a somewhat analogous case from the Tenth Circuit, Goichman v. Aspen, 859 F.2d

2  1466 (10th Cir. 1988), plaintiff's car was impounded for having been parked illegally.  The city

3  provided as a matter of course a prompt hearing to contest the citation for illegal parking; success

4  would result in release of the vehicle and cancellation of any impound fees.  The plaintiff claimed that

5  he was denied due process because the hearing did not allow him to challenge the legality of the

6  towing and impound beyond the legality of the citation itself (it is not clear on what basis he sought to

7  challenge the legality of the impound).  The Court held that, because the validity of the impound was

8  dependent on the validity of the determination that the plaintiff had illegally parked his car, which was

9  an impoundable traffic violation, due process only required an opportunity to challenge the underlying

10 violation.  Id. at 1468 (quoting Cokinos v. District of Columbia, 728 F.2d 502, 503 (D.C. Cir. 1983)).

11 In other words, due process only required an opportunity to challenge the existence of probable cause

12 that the violation had occurred.  There was no need for a hearing to challenge the legality of the

13 impound.

14      There is no case law that requires a post-impound hearing consider more than whether there

15 was probable cause to support the underlying violation.  Plaintiffs argue that the review of the

16 "validity" or "lawfulness" of the impound required by the due process clause includes but is not limited

17 to probable cause.  However, the cases Plaintiffs rely on do not support this proposition.  Krimstock v.

18 Kelly, 306 F.3d 40, 47-49 (2d Cir. 2002), *cert. denied* 539 U.S. 969 (2003) (due process requires a

19 hearing to test the "probable validity" of the impound and on-going seizure of the car, which includes

20 the city's probable cause for initially impounding the car and the validity of the continued impound on

21 the likelihood of success on the forfeiture claim which depended on the outcome of criminal

22 proceedings); Breath v. Cronvich, 729 F.2d 1006, 1011 (5th Cir. 1984) (due process requires an

23 opportunity to challenge "the lawfulness" of the impound and a hearing on the merits of the parking

24 ticket violation giving rise to the impound is sufficient); Lee v. Thornton, 538 F.2d 27, 33 (2d Cir.

25

ORDER - 6

1976) (due process requires prompt hearing to test the legality of the seizure of the car, which in this case meant a hearing on the probable cause for the seizure).

Contrary to Plaintiffs' argument, <u>Bell v. Burson</u>, 402 U.S. 535 (1971), is no different.  In <u>Bell</u>, a Georgia statute provided for suspension of a vehicle registration and driver's license when an uninsured driver was involved in an accident (unless the driver posted security to cover the amount of damages claimed).  <u>Id.</u> at 535-36.  A driver challenged the constitutionality of the hearing prior to the suspension of his license on the ground that it excluded consideration of the driver's fault or liability for the accident.  The Court concluded that liability was an important factor in the statutory scheme and therefore the state could not, consistent with due process, exclude consideration of this factor from the hearing.  <u>Id.</u> at 541.  Liability was an essential element of the statute authorizing suspension of licenses.  As such, it was part of the probable cause analysis; it was not an additional factor beyond the probable cause to support suspending the license.  In sum, requiring an opportunity to challenge the "validity" or "legality" of an impound at an initial hearing has never been held to be anything more than requiring an opportunity to challenge the probable cause to support the underlying violation giving rise to the impound.  The undisputed facts show that the City's initial hearing provided the vehicle owner an opportunity to challenge the probable cause of the underlying DWLS violation.  Plaintiffs do not argue otherwise.  Consequently, the City's initial hearing comports with the Fourteenth Amendment's due process requirements.

Furthermore, the Supreme Court noted in <u>Bell</u> that the state could comply with the due process requirements by either including consideration of the issue in the initial hearing or it could "elect to postpone such consideration to the de novo judicial proceedings in the Superior Court."  <u>Id.</u> at 543.  Here, the City provided an opportunity to challenge the impound on the ground that there were reasonable alternatives to impound in a de novo appeal to the Seattle Municipal Court, which was provided between two and three weeks after the initial hearing.  (Stipulated Facts, ¶¶ 27-30).  Therefore, even if <u>Bell</u> were to be construed as requiring consideration of an additional factor beyond

ORDER - 7

1   a probable cause determination, the de novo review available in Seattle Municipal Court provides

2   sufficient due process according to <u>Bell</u>.

3   Lastly, in this case, challenging an impound on the ground that there were reasonable

4   alternatives to impound available necessarily raised complex constitutional issues.  Given this

5   complexity together with the volume of initial hearings[1], the de novo review was a reasonable

6   procedure.  <u>See</u> <u>City of Los Angeles v. David</u>, 538 U.S. 715 (2003) (per curiam) (because the city

7   conducted more than 1,000 post-impound hearings annually, requiring the city to hold all of these

8   hearings within 48 hours rather than one month would prove unduly burdensome to the city).

9                                                         CONCLUSION

10   The class is redefined to include "all registered owners of motor vehicles impounded by the

11   City from March 20, 2000 through December 27, 2002 where the 'reason for hold/investigation' on

12   the Vehicle Report form indicates that the sole reason for the impound was driving while a license is

13   suspended or revoked, or if no reason is specified, where the sole impoundable charge listed on the

14   Vehicle Report form is driving while a license is suspended or revoked."  This excludes registered

15   owners of motor vehicles impounded by the City where the Vehicle Report form indicates that the

16   "reason for hold/investigation" is driving while a license is suspended or revoked ("DWLS") <u>and</u> other

17   impoundable offenses, or if the "reason for hold/investigation" is left blank where the Vehicle Report

18   lists DWLS and other impoundable offenses.

19   The Court GRANTS the City's Motion to Dismiss Plaintiffs' Fourteenth Amendment Claims.

20   Due process under the Fourteenth Amendment requires an initial post-impound hearing in which the

21   vehicle owner may challenge the probable cause to support the underlying DWLS violation, but need

22   not include a review of whether there were reasonable alternatives to impound to comport with due

---

[1] At oral argument, the parties indicated that they had stipulated to facts regarding the volume of post-impound hearings held annually.  Apparently this set of stipulated facts was inadvertantly deleted from the stipulated facts submitted to the Court.  However, the parties agreed at oral argument that the City held between 800 and 1,000 post-impound hearings annually.

ORDER - 8

process. It is undisputed that the City's initial hearing provided an opportunity to challenge the probable cause.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: August 1, 2005

*[signature]*
Marsha J. Pechman
United States District Court

ORDER - 9