1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

MARION PRICE, et al.,

11                              Plaintiffs,              No. C03-1365L

12      v.                                               ORDER TO SHOW CAUSE

13      THE CITY OF SEATTLE, et al.,

14                              Defendants.

15

16          Having reviewed the pending motions in this matter, as well as the balance of the record, the

17  Court hereby ORDERS the parties to show cause by February 28, 2006: (1) why the Court should

18  not decline to exercise supplemental jurisdiction over the remaining state-law claim and remand this

19  matter to state court; or alternately (2) why the Court should not certify one or more questions of

20  state law to the Washington Supreme Court.  The reasons for the Court's order are set forth below.

                                    **Discussion**

22          Plaintiffs filed this action in King County Superior Court in March 2003.  The case was filed

23  as a putative class action challenging the City of Seattle's policy of impounding the vehicles of

24  persons cited for driving while their licenses were suspended (DWLS).  Defendants removed this

25  matter to federal court, citing federal question jurisdiction as the basis for removal.

26

1    Upon removal, this case was assigned to Judge Pechman, who certified a class.  In June 2005,

2  Judge Pechman granted Plaintiffs' motion for partial summary judgment on their state-law conversion

3  claim, an order that held the City liable for conversion and left the issue of damages to be determined

4  at trial.  Dkt. # 152.  All remaining federal claims were subsequently dismissed.  Dkt. # 176

5  (stipulation and order dismissing Plaintiffs' Fourth Amendment claims); Dkt. # 179 (order granting

6  summary judgment to City on Plaintiffs' Fourteenth Amendment claims).  On January 25, 2006,

7  Judge Pechman recused herself from this matter and the case was randomly re-assigned by the Clerk

8  to the undersigned.

9    Several motions are now pending, including: (1) a motion for partial summary judgment by

10  the City of Seattle based on the failure of class members to properly file claims for tort damages

11  pursuant to RCW 4.96.010-020 and Seattle Municipal Code (SMC) 5.24.005; (2) a motion by the

12  City to decertify the class; and (3) a motion by the City under Rule 60 to "align" the rulings in this

13  case with a recent ruling in a similar state court case.

14    The City bases the latter motion on Potter v. Washington State Patrol, a case brought in

15  Thurston County Superior Court.  Potter is a class action in which the plaintiffs have brought

16  conversion claims against the Washington State Patrol (WSP) based on the WSP's policy of

17  impounding vehicles driven by persons cited for DWLS.  The plaintiffs in Potter are represented by

18  the same counsel representing Plaintiffs in this action.  On December 9, 2005, Judge Strophy of the

19  Thurston County Superior Court granted summary judgment in favor of the WSP on the conversion

20  claim.  The City indicates that the plaintiffs in Potter have filed a notice of appeal, raising concerns

21  that similar state-law claims are proceeding in state and federal court with the possibility of

22  inconsistent results.

23    "Whether a federal court should exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)

24  is an issue 'which remains open throughout the litigation.'"  Holly D. v. Cal. Inst. of Tech., 339 F.3d

25  1158, 1181 n.28 (9th Cir. 2003).  Where, as here, the district court has dismissed all claims over

26  which it had original jurisdiction, a district court may decline to exercise supplemental jurisdiction

over the remaining state-law claims under 28 U.S.C. § 1367(c)(3).  Indeed, the Supreme Court has

noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of

the factors . . . will point toward declining to exercise jurisdiction over the remaining state-law

claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

        In addition, 28 U.S.C. § 1367(c)(1) provides that a district court may decline to exercise

supplemental jurisdiction over a state-law claim if the claim raises a novel or complex issue of state

law.  It appears that two novel issues of state law are present in this case.  First, the question of

whether the City is subject to liability for conversion based on its DWLS impound policy appears to

present a novel issue of state law, since Judge Strophy reached a different conclusion than Judge

Pechman in ruling on a similar claim.  Second, the question of whether all members of a class must

comply with the tort claim notice requirements of RCW 4.96.010-020 and SMC 5.24.005 has not

been addressed by the Washington Supreme Court, although the Washington Court of Appeals

decision in Oda v. State, 111 Wn. App. 79, 44 P.3d 8 (2002), may be regarded as instructive.

        In determining whether to decline supplemental jurisdiction, the Court must consider several

factors, including judicial economy, comity, convenience, and fairness.  See O'Connor v. State of

Nevada, 27 F.3d 357, 363 (9th Cir. 1994).  Here, it does not appear that judicial economy would be

served by the continued exercise of supplemental jurisdiction.  Although Judge Pechman devoted

considerable time and effort to this case, she has recused herself from this matter.  A state court judge

is as capable as the undersigned to review the record and to proceed with this matter.  In addition,

comity concerns appear to weigh in favor of remanding this case to state court, given the risk that the

federal and state courts may reach inconsistent results on similar issues of state law.  In terms of

fairness and convenience to the parties, Plaintiffs originally sought to pursue this matter in state court,

while the City asserts that "federal court[s] should avoid proceeding with cases that are duplicative of

state cases on state claims to avoid piecemeal litigation, particularly where the rights at issue are

governed by state law."  Dkt. # 226 at 6.

1    As an alternative means of addressing the concerns discussed above, RCW 2.60.020 permits

2    the certification of questions to the Washington Supreme Court when "in the opinion of any federal

3    court . . . it is necessary to ascertain the local law of [Washington] in order to dispose of such

4    proceeding and the local law has not been clearly determined."  If this case is not remanded to state

5    court, certification of the following questions to the state Supreme Court may be appropriate:  (1)

6    whether the City is subject to liability for conversion based on its DWLS impound policy; and (2)

7    whether all class members must comply with the tort claim notice requirements of RCW 4.96.010-

8    020 and SMC 5.24.005.

9                                          **Conclusion**

10    For the reasons set forth above, the parties are ordered to show cause by 5:00 p.m. on

11    February 28, 2006 why the Court should not: (1) decline to exercise supplemental jurisdiction over

12    the remaining state-law claim and remand this matter to state court; or alternately (2) certify one or

13    more questions of state law to the Washington Supreme Court.  Each party's response to this order

14    shall be limited to six pages.  Neither party shall file a reply to the other party's response to this order.

15

16    The Clerk is directed to send copies of this order to all counsel of record.

17    Dated this 14th day of February, 2006.

18

19                                          _Robert S. Lasnik_

20                                          Robert S. Lasnik
                                            United States District Judge

21

22

23

24

25

26