1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARION PRICE, et al.,

Plaintiffs,

v.

THE CITY OF SEATTLE, et al.,

Defendants.

No. C03-1365L

ORDER ON THE CITY OF
SEATTLE'S CR 60 MOTION
REGARDING STATE COURT
PROCEEDINGS

15

16

17

18

This matter comes before the Court on the City of Seattle's Rule CR 60 Motion Regarding

State Court Proceedings.  Dkt. # 226.  In this motion, the City asks the Court to reconsider its prior

rulings in this matter in light of a decision by the Thurston County Superior Court in a case involving

similar state-law claims for conversion.  For the reasons set forth below, the City's motion is denied.

19

### I.  BACKGROUND

20

21

22

23

24

In this class action, Plaintiffs are challenging the City of Seattle's policy of impounding the

vehicles of persons cited for driving while their licenses were suspended (DWLS).  Plaintiffs filed this

case in state court, raising claims under both state and federal law.  Defendants removed this matter to

federal court.  However, all federal claims in this matter have now been dismissed and the only

remaining claims are Plaintiffs' state-law claims for conversion.  In June 2005, Judge Pechman of this

25

ORDER - 1

1   Court granted Plaintiffs' motion for partial summary judgment on their conversion claims, an order

2   that held the City liable for conversion and left the issue of damages to be determined at trial.  Dkt. #

3   152.  Judge Pechman has since recused herself from this case.

4   While this case was pending, another class action lawsuit was filed in Thurston County

5   Superior Court challenging the Washington State Patrol's DWLS impoundment policy and raising

6   state-law claims for conversion.  The Thurston County action is Potter v. Washington State Patrol,

7   No. 04-2-01086-9.  The plaintiffs in Potter are represented by the same counsel representing Plaintiffs

8   in this matter.  On December 9, 2005, Judge Strophy of the Thurston County Superior Court granted

9   summary judgment in favor of the State Patrol on the conversion claims.  The plaintiffs in Potter filed

10  a notice of appeal of Judge Strophy's ruling.

11  In light of Judge Strophy's ruling, the City has moved under Rule 60 for an order to "align" the

12  rulings in this case with Potter.[1]  In the alternative, the City asks the Court to reconsider Judge

13  Pechman's June 2005 order on Plaintiffs' partial summary judgment motion, arguing that Judge

14  Pechman improperly construed disputed issues of fact in favor of Plaintiffs.

15  **II.  DISCUSSION**

16  The City's motion seeks relief from Judge Pechman's prior order granting Plaintiffs' motion

17  for partial summary judgment on their conversion claims.  The City argues: (1)  the Court should align

18  its ruling with Judge Strophy's ruling in Potter; or (2) the Court should reconsider Judge Pechman's

19  ruling based on alleged error in the decision.  The Court considers each argument below.

20

21     [1]  Because Potter raises concerns that cases involving similar state-law claims are proceeding in

22  state and federal court with the possibility of inconsistent results, the Court ordered the parties to
    show cause why the Court should not: (1) remand this case to state court; or alternately (2) certify one

23  or more questions of state law to the Washington Supreme Court.  Dkt. # 235.  In response, both
    sides opposed remanding this matter to state court.  Both sides also suggested that it was not

24  necessary or appropriate to certify questions to the state Supreme Court regarding the City's liability
    for conversion under Washington law.  After reviewing the parties' responses, the Court declined to

25  remand the case or to certify questions of law to the Washington Supreme Court.  Dkt. # 243.

A.      Request to Align Rulings in this Case with *Potter*

The City states that its motion is brought under Fed. R. Civ. P. 60(b)(6), which permits the Court to relieve a party from a final judgment, order, or proceeding for "any . . . reason justifying relief from the operation of the judgment."[2]  As Plaintiffs note, relief under Rule 60(b)(6) is appropriate only in "extraordinary circumstances."  Hamilton v. Newland, 374 F.3d 822, 825 (9th Cir. 2004).

The Court finds that Judge Strophy's ruling in Potter does not provide sufficient grounds to warrant relief under any provision of Rule 60.  Although a state trial court's decision on an issue of state law may be given some weight by a federal court considering a similar issue, it is well-established that federal courts are not bound to follow a state trial court's decision.  See, e.g., King v. Order of United Commercial Travelers of America, 333 U.S. 153, 160-61 (1948).  Even if the Court were inclined to follow Judge Strophy's ruling, the order granting summary judgment in Potter is a short two-page order drafted by counsel and offers no reasons for the court's ruling.  In any case, Judge Strophy's ruling is currently on appeal and may be subject to reversal.  It would make little sense for the Court to align its rulings with a state trial court ruling that effectively presents a moving target.

The City also argues that this court "should avoid proceeding with cases that are duplicative of state cases on state claims to avoid piecemeal litigation, particularly where the rights at issue are governed by state law."  Def.'s Opening Br. at 6.  However, the City has since expressed its opposition to remanding this matter to state court.  The City further suggests that if this Court does not align its rulings with Judge Strophy's ruling in Potter, the Court will encourage "forum shopping" plaintiffs to flock to federal court in the hope of obtaining more favorable rulings.  This argument is

_____

[2]  In its opening brief, the City simply stated that its motion was brought pursuant to "CR 60," without specifying which of the six subsections of the rule applied to its motion.  In its reply, however, the City specifically cites Rule 60(b)(6).  See Reply at 2-3.  The City also appears to suggest that its motion may be brought under Rule 60(b)(2), which authorizes motions based on "newly discovered evidence."  See Reply at 3.

1   not persuasive, particularly in light of the fact that it was the City which chose to remove this matter

2   from state court to federal court.

3           Therefore, the Court denies the City's request to align the rulings in this case with Judge

4   Strophy's ruling in Potter.

5   B.      Alternate Request to Reconsider Judge Pechman's Ruling

6           In the alternative, the City argues that the Court should reconsider Judge Pechman's June 2005

7   order granting Plaintiffs' motion for partial summary judgment on their conversion claims.  The City

8   argues that Judge Pechman's ruling "was erroneous in that the court actually construed disputed

9   material facts against the non-moving party contrary to well-established precedent."  Def.'s Opening

10  Brief at 7-8.  The City's request is not based on the Potter ruling, but instead appears to be a request

11  for reconsideration based on alleged error by Judge Pechman.  The City failed to make this request for

12  reconsideration within ten judicial days following Judge Pechman's ruling, as required by the local

13  rules of this Court.  See Local Civil Rule 7(h)(2).  As a result, the City's request for reconsideration is

14  denied as untimely.

15                              **III.  CONCLUSION**

16          For the foregoing reasons, the City's CR 60 motion (Dkt. # 226) is DENIED.   The clerk is

17  directed to provide copies of this order to all counsel of record.

18          DATED this 27th day of July, 2006.

19

20                                          _Mark S Lasnik_

21                                          Robert S. Lasnik
                                            United States District Judge

22

23

24

25

ORDER - 4